[No. 12275.    Department One.    April 13, 1915.]

## G. W. Bollen, *Respondent*, v. Northern Grain & Warehouse Company, *Appellant*.[1]

Sales—Liability of Buyer—Wheat in Warehouse. Where a warehouseman accepted wheat, making advances and giving a warehouse receipt therefor, under an agreement that sale was to be made on a future day when the grower should be satisfied with the market, and a grain company repaid the advances made on the wheat by the warehouseman, on his draft therefor accompanied by the indorsed warehouse receipt, and shipments from this wheat were made on the orders of the grain company, the grain company cannot claim that the money advanced was a loan and not an advancement on the future sale as per agreement, and hence would be liable to the seller for the market price on the day set by him for the sale, regardless of the fact that there was not enough wheat in the warehouse at that time to cover the amount called for by the warehouse receipt.

Appeal from a judgment of the superior court for Spokane county, Steiner, J., entered April 9, 1914, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*John Pattison* (*Coy Burnett*, of counsel), for appellant.

*W. E. Southard* and *T. B. Southard*, for respondent.

Mount, J.—This action was brought by the respondent to recover the value of two separate lots of wheat sold and delivered to the appellant. Upon issues joined, a judgment was rendered in favor of the plaintiff for the amount prayed for in his complaint. The defendant has appealed.

The facts are as follows: In February, 1913, the respondent delivered to one A. E. Nicholls, who was operating a warehouse at Wilson Creek, in Grant county, two lots of wheat. One of these lots was 1,813 14-60 bushels No. 1 bluestem wheat, and the other was 476 25-60 bushels of Sonora wheat, for which regular warehouse receipts were issued to the respondent. The appellant concedes that it is

[1]Reported in 147 Pac. 636.

liable for the Sonora wheat and, therefore, we shall not con-
sider that item.

A. E. Nicholls, who operated the warehouse, was authorized
by the appellant to purchase all the wheat that came into
his warehouse at the market price, and for his services was
to be paid by the appellant 2½ cents per bushel above the
market price.   When the respondent stored the bluestem
wheat in the warehouse, Mr. Nicholls issued a regular ware-
house receipt therefor, and delivered the same to the re-
spondent.   The respondent did not desire to sell his wheat
at that time, but desired an advancement upon the wheat.
Mr. Nicholls thereupon advanced $1,087 upon the purchase
price of the No. 1 bluestem wheat, with the agreement that
the wheat would be sold to the appellant in the future on a
day to be named when the respondent was satisfied with the
market price.   Mr. Nicholls thereupon drew his personal
check in favor of the respondent for $1,087, and took a re-
ceipt as follows:

"Wilson Creek, Wash., Feb. 10, 1913.

"Received of A. E. Nicholls for account of Northern Grain
& Warehouse Co., $1,087.00 on 1813 14-60 B. S. No. 1
wheat, same to be shipped to account of Northern Grain &
Warehouse Co., or order.

"Interest on same to be paid at the rate of 8% per annum.
                                      "A. E. Nicholls.
                                      "Original.
"Accepted, G. W. Bollen."

At the same time the respondent indorsed upon the back
of the warehouse receipt the following:

"For consignment to Northern Grain & Warehouse Co.,
G. W. Bollen."

The receipt copied above, and the warehouse receipt in-
dorsed as stated, were attached to a draft which was sent by
Mr. Nicholls to the Northern Grain & Warehouse Company,
and this draft was paid to Mr. Nicholls by that company.
Thereafter, upon orders from the Northern Grain & Ware-
house Company, Mr. Nicholls shipped out of the warehouse

this particular wheat, and other grain.   Thereafter, on the 5th day of July, 1913, the respondent informed the appellant that he was ready to sell his wheat for the market price on that day, and demanded the balance due upon the wheat, after deducting interest and warehouse charges.   This balance amounted to $392.15.   About this time, it was discovered by the appellant that there was not sufficient wheat in the warehouse to cover the warehouse receipt, and for that reason it refused to pay the respondent for his wheat.   This action was thereupon brought, with the result as above stated.

Upon the trial the court found, among other things:

"That the wheat was shipped to the defendant by the said A. E. Nicholls pursuant to an agreement, which was entered into at the time Bollen indorsed the said receipts to the said defendant."

It is argued by the appellant that the $1,087 advanced to Mr. Bollen was a loan and not an advancement upon the purchase price of the wheat; that Mr. Nicholls, the warehouseman, was the agent of Mr. Bollen, and that if the wheat was not in the warehouse, or had been lost, it was the loss of Mr. Bollen, and not of the appellant; and that instead of being liable for the value of the wheat, the appellant is entitled to a judgment against Mr. Bollen for the amount of the loan, with interest.

The question whether Mr. Nicholls, the warehouseman, was the agent of Mr. Bollen, who deposited the wheat, or of the Northern Grain & Warehouse Company, who advanced the money upon the warehouse receipt, is of no material importance.   The controlling question, in our opinion, is, Was the wheat delivered to the appellant?   If the appellant received the wheat, it was bound to pay to Mr. Bollen the agreed purchase price thereof.   And whether Mr. Nicholls was the agent for one or the other for the purpose of holding the wheat is entirely immaterial.

The trial court found as a matter of fact that this particular wheat was shipped out of the warehouse upon the or-

der of the appellant. This finding is based upon positive and competent evidence to that effect. Mr. France for the appellant testified that the wheat was not received by the appellant. But it was admitted that on different occasions wheat of this kind was ordered shipped. Mr. Nicholls testified that bluestem wheat was ordered shipped to Seattle and Portland by the appellant, and knowing that the appellant held the warehouse receipt for this particular bluestem wheat, he shipped it out upon such order without the production of the warehouse receipt. If it was so shipped, then clearly the appellant is liable to the respondent for the value of the wheat. This value was stipulated at the trial to be the market price on July 5, 1913. This being the fact found by the court upon competent evidence, it follows of course that the appellant is liable to the plaintiff for the wheat so shipped. The fact that there was not enough wheat left in the warehouse to cover the amount for which warehouse receipts had been issued, did not relieve the appellant from paying the respondent for this wheat.

The judgment must therefore be affirmed.

Morris, C. J., Parker, Holcomb, and Chadwick, JJ., concur.